# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Kenneth E. Cooper and Shirley Cooper, Petitioners Below, Petitioners**

**vs) No. 14-0341** (Gilmer County 13-C-3)

**Edward Messenger and Cindy Messenger, Respondents Below, Respondents**

**FILED**

**February 16, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Kenneth E. Cooper and Shirley Cooper, by counsel Daniel R. Grindo, appeal the Circuit Court of Gilmer County's February 27, 2014, order giving respondents the exclusive use and enjoyment of the free gas provided for under the terms of a 1973 oil and gas lease. Respondents Edward Messenger and Cindy Messenger, by counsel Jeffery A. Davis, filed their response in support of the circuit court's order. On appeal, petitioners argue that the circuit court erred in determining that the contract was unambiguous, failing to consider extrinsic evidence to interpret the ambiguous contract, and ruling in favor of respondents despite the fact that the evidence did not support such a ruling.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 25, 1973, Everett L. Stoneking[1] entered into an oil and gas lease with Stonestreet Lands Company. The lease provided for unlimited free gas for one dwelling, and at that time, the only dwelling on the property was the original Stoneking house.

On July 30, 1998, Petitioners purchased approximately 130 acres of property from Norma Jean Miller. The deed conveyed the property from Ms. Miller to petitioners and specifically reserved a life estate for Everett L. Stoneking and his wife, who resided in the original Stoneking dwelling house standing on the property. By deed, dated March 3, 2000, Mr. Stoneking conveyed to petitioners all of his life estate in the subject property. Petitioners erected a separate dwelling house on the property where they currently reside.

---

[1]The parent tract of land was originally part of a 230 acre tract of land known as the "Stoneking Property."

1

On January 25, 2005, petitioners entered into a land contract with respondents for the purchase of the subject property consisting of the two-story Stoneking farm house and a two-car garage, on approximately one acre situated on Spruce Run in Gilmer County, West Virginia. The purchase price was $48,000 to be paid in 120 installments of $400 each. On or about March 1, 2005, respondents began living in the original Stoneking dwelling house, having entered into the land contract at issue in January. The land contract, prepared by petitioners, was silent as to the free gas but did include a provision that respondents were to pay the cost of all utilities, insurance, and taxes associated with the property. After the purchase of the Stoneking dwelling house, a dispute arose between the parties as to the usage of the free gas.

On December 6, 2013, the circuit court held a bench trial and took testimony wherein respondents acknowledged that petitioners had permitted them to use free gas for a period of time and in exchange, respondents had been paying petitioners' gas bill. Petitioners testified that the arrangement had been made to allow respondents to pay less for their gas usage until such time as they improved the insulation and heat efficiency of the original Stoneking dwelling house. The circuit court found that the land contract was complete and unambiguous and because the contract did not specifically reserve the natural gas rights, the rights were transferred to respondents as a result. By order entered on February 27, 2014, the circuit court found that respondents are entitled to the exclusive use and enjoyment of the free gas as provided for under the terms of the 1973 oil and gas lease. It is from this order that petitioners appeal.

We have previously established the following standard of review: "[w]e have stated that the interpretation of a deed, which is not dependent upon extrinsic evidence, is a question of law for a court and not a jury. Accordingly, we review the circuit court's ruling de novo." *Faith United Methodist Church v. Morgan*, 231 W.Va. 423, 745 S.E.2d 461 (2013). We have further stated that in construing a written contract, "it is not the right or province of a court to alter, pervert or destroy the clear meaning and intent of the parties as expressed in unambiguous language in their written contract or to make a new or different contract. *Id*. at 444, 745 S.E.2d at 482.

Petitioners' first assignment of error challenges the circuit court's conclusion that the land contract was unambiguous. Petitioners argue that that land contract is silent as to the transfer of mineral rights and that respondents make no claim that the land contract intended to transfer ownership of the mineral rights. Petitioners further argue that the land contract did include a provision that respondents were to pay the cost of all utilities and that the inclusion of the provision indicates that petitioners did not intend to transfer the right to the use of free gas.

Upon careful review of the record before us, we find no error. The language of the 1973 oil and gas lease states that one dwelling house on the land may enjoy unlimited usage of gas per year. It is undisputed that at the time this oil and gas lease was entered into, the only home on the land was the Stoneking dwelling house which has continuously enjoyed the unlimited use of free gas from the time of the lease until the present day. The circuit court observed that when petitioners acquired the life estate of Everett L. Stoneking in March of 2000, the Stoneking dwelling house was still the house using the free gas. The circuit court further observed that petitioners neither moved into the Stoneking dwelling house nor contracted to have the right to

2

use the free gas transferred to their new home, adjacent to the Stoneking dwelling house. Instead, petitioners chose to continue to pay for their own gas usage.

An examination of the land contract in question supports the circuit court's finding that its language is clear and unambiguous with respect to the rights of the parties under the contract. There is no language within the land contract from which the circuit court could have reasonably concluded that petitioners reserved a right to the free gas or to find that they did not intend for the access to, or use of, the free gas to pass to respondents under the contract. We have previously stated that in construing a written contract, "it is not the right or province of a court to alter, pervert or destroy the clear meaning and intent of the parties as expressed in unambiguous language in their written contract or to make a new or different contract for them. *Id*. The circuit court also found that the phrase "all utilities" includes only those servicing the property in which respondents would be expected to pay for their usage. Based on this interpretation, the circuit court found that it would be unjust to extend respondents' contractual obligation to include payment for natural gas which has been supplied free of charge to respondents' home for over forty years. As such, the land contract must be enforced as to its original tenor.

As to petitioners' argument that the circuit court erred in not considering extrinsic evidence to interpret the ambiguous contract, we find no error. As addressed above, the evidence established that the land contract was clear and unambiguous with respect to the rights of the parties. As such, "[e]xtrinsic evidence will not be admitted to explain or alter the terms of a written contract which is clear and unambiguous. If a writing is not ambiguous, it must speak for itself by its words, without aid of any oral evidence[.]" *Paxton v. Benedum-Trees Oil Co.*, 80 W.Va. 187, 94 S.E. 472 (1972).

Petitioners argue that the circuit court erred in ruling in favor of respondents because the evidence presented did not support such a ruling and ignored that the original oil and gas lease does not preclude petitioners from changing which house is being serviced by the free gas. Additionally, petitioners argued that the lease indicated that "a house" on the land receive free gas. We do not agree. As addressed above, there is no language within the land contract from which the circuit court could have reasonably concluded that petitioners reserved a right to the free gas or to find that they did not intend for the access to, or use of, the free gas to pass to respondents under the contract. Furthermore, the circuit court found that the gas had been provided, free of charge, to the same house for over forty years. The circuit court also found that petitioners had the ability to have the line providing free gas transferred to their home at any time prior to the existing land contract with respondents but chose not to do so. As such, the original land contract must be enforced.

For the foregoing reasons, the circuit court's February 27, 2014, final order is hereby affirmed.

Affirmed.

3

**ISSUED:**  February 16, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Robin Jean Davis